UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JAMES T. JETHROE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 2:12-cv-41-JMS-WGH |
| | ) | |
| MR. RICHARD BROWN, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Mr. Jethroe's motion filed on February 24, 2012, seeks relief which would affect the fact or the anticipated duration of his confinement in a state prison. Accordingly, that motion has appropriately been processed as an action for habeas corpus relief brought pursuant to 28 U.S.C. § 2254(a).

2. Superintendent Brown is the sole proper respondent. The Indiana Parole Board is **stricken** as a co-respondent.

3. The petitioner's motion seeks a determination that his remedies within the Indiana state courts are not effective to protect his federally secured rights. Specifically, he contends that his action for post-conviction relief is bogged down. This alleged infirmity in the post-conviction process in the Indiana state courts does not support a cognizable claim under § 2254(a). *Montgomery v. Meloy,* 90 F.3d 1200, 1206 (7th Cir.) ("[u]nless state collateral review violates some independent constitutional right, such as the Equal Protection Clause, . . . errors in state collateral review cannot form the basis for federal habeas corpus relief"), *cert. denied,* 519 U.S. 907 (1996); *Williams v. State,* 640 F.2d 140, 143-44 (8th Cir.) ("Infirmities in the state's post-conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction. . . . Errors or defects in the state post-conviction proceeding do not, *ipso facto,* render a prisoner's detention

unlawful or raise constitutional questions cognizable in habeas corpus proceedings."), *cert. denied,* 451 U.S. 990 (1981). Instead, the circumstances described in the petitioner's motion could in some circumstances excuse his compliance with the exhaustion requirement. *Jackson v. Duckworth,* 112 F.3d 878, 881 (7th Cir. 1997) ("Inordinate, unjustifiable delay in a state-court collateral proceeding excuses the requirement of petitioners to exhaust their state-court remedies before seeking federal habeas corpus relief.")(citing cases).

4. Relief sought in the motion for an inordinate delay [1] is therefore **denied**.

5. The petitioner shall have **through April 11, 2012**, in which to either file an amended petition for a writ of habeas corpus setting forth any challenge to his conviction and sentence or seek to dismiss this action without prejudice because he does not wish to proceed with a habeas challenge at this time.

**IT IS SO ORDERED.**

Date: 03/16/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

James T. Jethroe
No. 2675
Wabash Valley Correctional Facility
Inmate Mail/Parcels
6908 S. Old U.S. Highway 41
Carlisle, IN 47838