UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES T. JETHROE, )<br>    *Petitioner*, )<br>                            )<br>    *vs*. )<br>                            )<br>RICHARD BROWN, )<br>    *Respondent.* )<br>                            ) | 2:12-cv-41-JMS-WGH |

**ENTRY DISCUSSING PETITION FOR WRIT OF
<u>HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY</u>**

Petitioner James T. Jethroe is nothing if not persistent. But persistence that does not comply with the procedural requirements necessary to obtain habeas corpus relief cannot succeed. This habeas action stems from Jethroe's fourth attempt to seek post-conviction relief from an Indiana state court on the basis of an Indiana state law issue. His first post-conviction petition was denied on the merits in 2004, but his appeal was procedurally dismissed by the Indiana Court of Appeals and he did not seek transfer with the Indiana Supreme Court. Jethroe's second and third post-conviction petitions were dismissed on the basis of *res judicata* in 2008. Jethroe's fourth petition for post-conviction relief was filed in 2011, and it raises the same issue Indiana trial court denied on the merits in 2004. Jethroe has not exhausted his appellate rights on the underlying petition and, instead, is trying to jump directly to federal court to obtain relief. For multiple reasons explained in further detail herein, Jethroe's petition for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

# I.
## BACKGROUND

Jethroe was convicted of first-degree murder and sentenced to life in prison in April 1972 in Marion Superior Court, Criminal Division, Room Three. His conviction was upheld by the Supreme Court of Indiana on direct appeal. *Jethroe v. State*, 319 N.E.2d 133 (Ind. 1974). He sought post-conviction relief on issues unrelated to the current petition, but was denied relief. *Jethroe v. State*, 400 N.E.2d 1376 (Ind. 1980).

Jethroe was released to parole on his life sentence on November 23, 1993. [Dkt. 8-2 at 1.] Because this was an "Old Code" life sentence, Jethroe was on parole for life unless discharged by the Indiana Parole Board ("Parole Board"). *See* Ind. Code § 11-13-3-5(a)(3).

Jethroe's parole was revoked on March 17, 1995, but the Parole Board voted to reinstate him to parole release. [Dkt. 8-2 at 2-4.] His parole was revoked again on January 12, 1996 for multiple violations, including use of alcohol, driving violations, and conversion. [*Id.* at 5, 7.]

On June 12, 1996, in Marion Superior Criminal Court 9, Jethroe was convicted of Operating a Vehicle While Intoxicated as a felony, Driving while Suspended, and Personal Intoxication. [*Id.* at 9.] He was sentenced to 1,095 days, 365 days, and 180 days respectively, to be served consecutively to any time assessed for violating parole. [*Id.*]

On July 27, 2001, the Parole Board allowed Jethroe to start serving his new sentence by granting "turnover" effective that day. [*Id.* at 10.] A subsequent declaration from Valerie Parker, a member of the Parole Board when the decision was made, confirmed that the term "turnover" means that "the offender is allowed to start serving the sentence or sentences that are to be served consecutively to the sentence for which the offender was on parole and on which parole was revoked." [Dkt. 8-1 at 6 ¶ 5.] "Turnover" is not a vote or an order to discharge the offender from a sentence. [*Id.* at ¶ 4.] A "discharge" of parole is a separate and distinct vote that is not

the same as "turnover." [*Id*. at ¶ 6.] The Parole Board's decision to "turnover" Jethroe's sentence meant that he was allowed to start serving the sentenced for operating a motor vehicle while intoxicated, driving while suspended, and public intoxication, the start of which had been held in abeyance while the Parole Board made Jethroe serve additional time on the murder charge because of his violation of parole. [*Id.* at 6-7 ¶ 7.] The decision did not mean that Jethroe was discharged or released from his sentence of life for murder. [*Id.*]

After serving the three alcohol and driving related sentences, Jethroe was again released to parole on his life sentence for murder on June 27, 2002. [Dkt. 8-2 at 11.]

On December 24, 2003, Jethroe waived a preliminary parole hearing after being charged with additional criminal conduct violations. [*Id.* at 22.] On February 20, 2004, Jethroe was convicted of Possession of a Firearm by a Serious Violent Felon and sentenced to fifteen years, with five years suspended. [*Id.* at 23.] On April 14, 2004, the Parole Board again revoked Jethroe's parole. [*Id.* at 24.] Jethroe remains incarcerated. [Dkt. 8 at 6.]

On May 20, 2004, Jethroe filed a petition for post-conviction relief with the Marion Superior Court, Criminal Division, Room 3. [Dkt. 8-1 at 1.] Jethroe argued that he was being improperly held because the "Parole Board turned Jethroe over off the 1972 case, over to the June 2, 1996 cause . . . [and then] went back to the 1972 case to hold Jethroe in prison without even a glimpse of Due Process of Law." [*Id.* at 3.] The court held a hearing on July 27, 2004, and entered its findings of fact and conclusions of law on September 24, 2004, denying Jethroe's petition. [*Id.* at 8-12.] In relevant part, the court found that:

> 16. [Jethroe] makes an argument based on the same basis as was considered in *Meeker v. Indiana Parole Board*, 794 N.E.2d 1105 (Ind. Ct. App. 2003), *reh. denied, trans. denied*, although [Jethroe] does not cite that case.

>  17. In *Meeker*, the Indiana Court of Appeals was not presented with any definition of "turnover" as used by the Indiana Parole Board and decided to construe that term strictly against the Parole Board.
>
>  18. The Supreme Court, in denying transfer held that "The Court now denies the petition to transfer. The Court is not inclined to grant transfer given the 'turn over' language used by the Parole Board in this case, which the Court of Appeals construed in Meeker's favor. The result may have been otherwise if the Parole Board has used different language, more specifically describing the intent of its decision . . . .
>
>  19. The Indiana Parole Board, through its Vice-Chair, has now specifically described its intent in its decision to 'turn over' [Jethroe] on July 27, 2001.
>
>  20. As used by the Indiana Parole Board, "turn over" in relation to this petitioner was not a discharge from his sentence and he has not been discharged from the life sentence for second-degree murder.
>
>  21. Another concern of the Court of Appeals in *Meeker* was that the start of the period of parole not be suspended while other sentences are being served; that delay is not a concern here because a person released to parole from a sentence of life in prison is on parole for life (I.C. § 11-13-3-5(a)(3)) and, therefore, there was not and cannot be any prejudicial delay in the start of parole for [Jethroe].
>
>  2[2]. Because [Jethroe] has failed to show that he has been discharged by the Indiana Parole Board from his sentence of life in prison, and because he does not challenge the validity of any of the revocations of his parole, he is not entitled to relief in this action and his petition must be denied.

[*Id.* at 10-11.]

Jethroe initiated an appeal; however, it was dismissed on June 30, 2005 because of his failure to file a supplemental record as ordered by the Indiana Court of Appeals three times. [*Id.* at 13.]

On May 12, 2008, Jethroe filed a subsequent petition for post-conviction relief with Criminal Court 9, where he had been convicted of the alcohol-related offenses. [Dkt. 8-1 at 14, 23, 25.] On July 14, 2008, that court dismissed Jethroe's petition for *res judicata* because "in 2004, Jethroe presented the same claim to Criminal Court 3 and judgment was entered against him and his attempt to appeal was dismissed for failure to follow the Rules." [*Id.* at 25-26.]

On September 30, 2008, Jethroe filed another petition for post-conviction relief in Criminal Court 9 raising the same issue concerning his perceived parole discharge. [*Id.* at 27-34.] On October 6, 2009, the court dismissed Jethroe's petition, again concluding it was barred by *res judicata*. [*Id.* at 36-37.] Jethroe's successive notice of appeal was denied. [*Id.* at 39.] Jethroe filed a notice of appeal with the Indiana Court of Appeals anyway, but it was dismissed on January 29, 2010. [Dkt. 8-3 at 5-6.]

Jethroe filed another petition for post-conviction relief on April 19, 2011, [dkt. 1-1 at 2-9], which was denied on May 4, 2011, [dkt. 8-4 at 1]. Jethroe initially filed a Motion for Inordinate Delay with this Court, arguing that the post-conviction court had not ruled on his petition, [dkt. 1], but the Court denied that motion as not forming a basis for habeas relief, [dkt. 2 at 1-2]. Jethroe filed an Amended Petition for Writ of Habeas Corpus on April 11, 2012, [dkt. 3], which is now fully briefed, [dkt. 16].

## II.
### STANDARD OF REVIEW

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws ... of the United States." 28 U.S.C. § 2254(a). Under the current regime governing federal habeas corpus for state prison inmates, the inmate must show, so far as bears on this case, that the state court which convicted him unreasonably applied a federal doctrine declared by the United States Supreme Court." *Redmond v. Kingston*, 240 F.3d 590 (7th Cir. 2001) (citing 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362 (2000); *Morgan v. Krenke*, 232 F.3d 562 (7th Cir. 2000). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes*, 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002)).

In addition to the substantive standard noted above, "[o]ut of respect for finality, comity, and the orderly administration of justice, a federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default." *Dretke v. Haley*, 541 U.S. 386, 388 (2004). Before a federal court can entertain a petition for habeas corpus, a state prisoner must exhaust his state remedies by presenting his claims fully and fairly to the state courts. *Howard v. O'Sullivan*, 185 F.3d 721, 726 (7th Cir. 1999) (citing 28 U.S.C. 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Patrasso v. Nelson*, 121 F.3d 297, 301 (7th Cir. 1997)). "A state prisoner ... may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry*, 201 F.3d 995, 999 (7th Cir. 2000). Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992), *cert. denied*. When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.*, the errors worked to the petitioner's 'actual and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride*, 375 F.3d at 649 (internal citations omitted). "Cause" for a procedural default exists if the petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice is demonstrated by showing that the errors worked to the petitioner's "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Typically the Court addresses issues surrounding procedural default before the merits of a claim. However, while the procedural default doctrine precludes habeas relief on a defaulted claim, it is not jurisdictional. *See Trest v. Cain*, 522 U.S. 87, 89 (1997). Thus, while the procedural default issue should ordinarily be resolved first, "judicial economy sometimes dictates reaching the merits of [a claim or claims] if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999); *see also Lambrix v. Singletary*, 520 U.S. 518, 524-25 (1997) (noting that procedural default issue should ordinarily be resolved first, but denying habeas relief on a different basis because resolution of the default issue would require remand and further judicial proceedings).

## III.
### DISCUSSION

#### A. Relief Based on State Law Issue

Jethroe emphasizes numerous times in his petition that his current request for relief is based on the post-conviction relief petition he filed April 19, 2011. [*See, e.g.*, dkt. 11 at 4 ("Note this Particular Case started on April 19, 2011.").] He asserts, like in his previous petitions for post-conviction relief, that he is being illegally held because he believes that when the Parole Board "turned over" his commitment in 2001 so that he could start serving the alcohol-related conviction sentences, it released him from serving additional time on the murder charge because of his parole violation. [*Id.* at 4-9.] He cites *Meeker v. Indiana Parole Board*, 794 N.E.2d 1105 (Ind. Ct. App. 2003), throughout his brief as support for his argument and contends that "*Meeker* applies to Jethroe" and that "[t]his Court not only has the authority, but the duty to grant the Writ because of the 'Meeker' Standard." [Dkt. 11 at 5.]

It is well established that "[f]ederal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law." *Wilson v. Corcoran*, 131 S. Ct. 13,

14 (U.S. 2010). "[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Id.* at 16 (original emphasis). As has "repeatedly" been held, "'federal habeas corpus relief does not lie for errors of state law.'" *Id.* (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Wilson*, 131 S. Ct. at 16 (quoting *Estelle*, 502 U.S. at 67-68).

The heart of Jethroe's habeas petition hinges on his assertion that he is being held in violation of Indiana state law in light of an Indiana Court of Appeals case interpreting and applying an Indiana statute. *Meeker*, 794 N.E.2d at 1108 (interpreting Ind. Code § 35-50-6-1). He alleges no violations of federal law on this issue,[1] and the Court will not try to create one for him. Because Jethroe does not assert that his confinement violates federal law, there is no basis for this Court to grant habeas relief and his petition must be denied.[2]

**B. Procedural Default**

*1) Failure to Exhaust April 2011 Petition for Post-Conviction Relief*

Even if there was a federal basis for Jethroe's claim, there are multiple procedural defects that preclude this Court from awarding relief. Again, Jethroe emphasizes throughout his papers that his current request for relief is based on a petition he filed in state court on April 19, 2011. [*See, e.g.*, dkt. 11 at 4 ("Note this Particular Case started on April 19, 2011.").] But Jethroe did

---

[1] Jethroe cites the Fourteenth Amendment at one point in his brief, but he makes that claim in the context of his erroneous belief that his most recent petition for post-conviction relief was not ruled on. [Dkt. 11 at 8 (discussing the post-conviction court's alleged "failure to act on his petition").]

[2] As an aside, as the post-conviction court found in denying Jethroe's 2004 post-conviction petition on the merits, unlike the petitioner in *Meeker*, Jethroe was sentenced to parole for life so there could be no prejudice from the start of his period of parole being suspended while other sentences are being served since it was a life sentence. [Dkt. 8-1 at 11.] That is a material difference between *Meeker* and Jethroe's case.

not appeal the denial of that petition. Instead, he is trying to bypass the established system of state court appellate review and jump straight to federal court, which he cannot do. *See Howard*, 185 F.3d at 726; 28 U.S.C. § 2254(b)(1) ("An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."). While Jethroe contends that the trial court never ruled on the underlying petition, that belief is incorrect. [Dkt. 8-4 (docket showing petition denied on May 4, 2011).] Jethroe concedes that ruling in his reply brief but maintains that he was unaware of it and proceeds to press on with arguments surrounding the merits of his claim that he is being held in violation of *Meeker*. [Dkts. 11 at 3, 4-10; 15.] Because Jethroe did not exhaust state court appellate review on the underlying petition and, instead, attempts to jump directly to federal court, his petition must be denied for his failure to exhaust. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (holding that "a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort" has not properly exhausted the claims for purposes of 28 U.S.C. § 2254(b)(1)).

    *2) Untimely Attempt to Revive May 2004 Petition for Post-Conviction Relief*

  As an additional basis on which Jethroe's petition must be denied, the Court notes that Jethroe's April 2011 petition for post-conviction relief and this petition for habeas review present the same issue Jethroe raised in three previous unsuccessful petitions for post-conviction relief, one of which he lost on the merits. Specifically, on May 20, 2004, Jethroe filed a petition for post-conviction relief with the Marion Superior Court, Criminal Division, Room 3 arguing that he was being improperly held because the "Parole Board turned Jethroe over off the 1972 case, over to the June 2, 1996 cause . . . [and then] went back to the 1972 case to hold Jethroe in prison without even a glimpse of Due Process of Law." [Dkt. 8-1 at 1, 3.] That court held a hearing

and entered its findings of fact and conclusions of law on September 24, 2004, rejecting Jethroe's *Meeker* argument on the merits. [*Id.* at 10-11.] Jethroe initiated an appeal from that decision; however, it was dismissed on June 30, 2005 because of his failure to file a supplemental record as ordered by the Indiana Court of Appeals three times.[3]  [*Id.* at 13.] He cannot try to revive that case in federal court almost a decade later. 28 U.S.C. § 2244(d)(1)(A) (habeas review must be sought within a year from the date on which the judgment became final by the conclusions of direct review of the expiration of the time for seeking such review). For these reasons, in addition to the reasons discussed above, Jethroe's petition must be denied.

## IV.
### CONCLUSION

The Court has carefully reviewed the state record in light of Jethroe's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)). The deference due to state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington*, 131 S. Ct. at 786; *see also Cavazos v. Smith*, 132 S. Ct. 2, 7-8 (2011) (per curiam) (citing Supreme Court jurisprudence "highlighting

---

[3] To the extent that Jethroe now contends that he was unable to comply with the appellate court's requirements in 2005 because "the trial court *never* supplied [Jethroe] the documents it required, and [Jethroe] could not meet the court's conforming appendix . . .", [dkt. 15 at 2 (original emphasis)], there is no evidence that Jethroe raised that issue with the Indiana Court of Appeals or sought transfer to the Indiana Supreme Court to completely exhaust his appellate rights. Thus, he procedurally defaulted that claim. *O'Sullivan*, 526 U.S. at 848.

the necessity of deference to state courts in § 2254(d) habeas cases"). Jethroe's habeas petition does not present such a situation and that petition is therefore **DENIED**. Judgment consistent with this Entry shall now issue.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Jethroe has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling[s]." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court, therefore, denies a certificate of appealability.

08/23/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail:**

JAMES T. JETHROE
2675
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

**Distribution via ECF only:**

David A. Arthur
OFFICE OF THE ATTORNEY GENERAL
David.Arthur@atg.in.gov